IN THE FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| GENESIS ELDERCARE<br>REHABILITATION  SERVICES, INC. d/b/a<br>GENESIS REHABILITATION SERVICES,<br>a Pennsylvania corporation | )<br>)<br>)<br>) |
| | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| NEW BEGINNINGS CARE, LLC | ) |
| d/b/a WOODLANDS HEALTH CARE, LLC | ) |
| a Tennessee Limited Liability Company | ) |
| | ) |
| Serve:  Registered Agent | ) |
| Charles R. Jerman, III | )  CASE NO._____ |
| 15 S. Bells St. | ) |
| Suite III | ) |
| Alamo, TN 38001-1778 | ) |
| | ) |
| And | ) |
| | ) |
| WOODLANDS HEALTHCARE AND | ) |
| REHAB, LLC | ) |
| a Tennessee Limited Liability Company | ) |
| | ) |
| Serve:  Registered Agent | ) |
| Charles R. Jerman, III | ) |
| 652 N. Coastal Highway | ) |
| Midway GA 31320 | ) |
| | ) |
| | ) |
| DEFENDANTS. | ) |

CV412-261

---

**COMPLAINT**

---

Plaintiff Genesis Eldercare Rehabilitation Services, Inc. d/b/a Genesis Rehabilitation Services, ("Genesis"), states as follows for its complaint against defendant New Beginnings Care, LLC d/b/a Woodlands Health Care, LLC ("New Beginnings") and Woodlands Healthcare and Rehab, LLC ("Woodlands") (collectively "Defendants"):

## NATURE OF THE ACTION

1.      This action arises out of the Defendants' failure to pay Genesis for therapy services provided by Genesis to the residents of the skilled nursing facilities located in Midway, Georgia (the "Facility"), owned and operated by Defendants.

## THE PARTIES

2.      Genesis is a Pennsylvania corporation with its principal place of business in Kennett Square, Pennsylvania. Genesis provides therapy services to residents of long term care and skilled nursing facilities.

3.      New Beginnings is a Tennessee limited liability company, with its principal place of business in Alamo, Tennessee. Upon information and belief, none of New Beginning's members are citizens of the Pennsylvania. Service may be made upon New Beginnings via its registered agent as listed in the caption.

4.      Woodlands is a Tennessee limited liability company, with its principal place of business in Alamo, Tennessee. Upon information and belief, none of Woodland's members are citizens of the Pennsylvania. Service may be made upon Woodland via its registered agent as listed in the caption.

2

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     The Court has personal jurisdiction over Defendants, as they, among other things, transact business in this state.

7.     Venue is proper in this Court because Defendants conduct business in this judicial district, and the events giving rise to the complaint against Defendants occurred in this district.

## STATEMENT OF FACTS

8.     On or about October 28, 2011, Genesis entered into an agreement with Defendants to provide therapy services at the Facility ("Therapy Services Agreement").[1]

9.     Genesis performed all obligations required of it under the Therapy Services Agreement, as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

10.    Pursuant to the Therapy Services Agreement with the Defendants, and Genesis' performance thereunder, Defendants are obligated to pay for the services provided by Genesis.

11.    Despite Genesis' billing and repeated demands for payment, the Defendants failed to pay for services provided by Genesis.

12.    Interest is accruing at 1.5% per month on the unpaid balance pursuant to the Therapy Services Agreement.

---

[1] The Therapy Services Agreement is not attached because it contains confidential terms, including pricing information, but a copy can be provided to the Court and Defendants upon request.

3

13.    Defendants entered into the Therapy Services Agreement with Genesis and/or induced Genesis to continue to provide services with no intent of paying outstanding invoices or otherwise performing as required under the Therapy Services Agreement.

14.    Upon information and belief, Defendants have been reimbursed by Medicare for all or a significant portion of the services provided by Genesis, and has directly or indirectly benefited from such reimbursements.

15.    The Therapy Services Agreement provides that Genesis may recover attorneys' fees for bringing an action under said agreements.

16.    As a result of Defendants' failure to pay Genesis, Genesis has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants.

17.    Genesis is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

## COUNT I – BREACH OF CONTRACT

18.    Genesis realleges and incorporates all previous allegations to the extent they are not inconsistent with this Count.

19.    Without legal justification or excuse, Defendants materially breached the Therapy Services Agreement with Genesis by failing to pay sums due and owing for the services provided.

20.    As a direct and proximate result of the breach of the Therapy Services Agreement, Genesis has suffered damages for services provided, none of which the Defendants has paid.

21.    Interest is accruing on the unpaid balance at 1.5% per month.

4

## COUNT II – UNJUST ENRICHMENT

22.    Genesis realleges and incorporates all previous allegations to the extent they are not inconsistent with this Count.

23.    Genesis has provided valuable services to the Defendants for which it has not been paid.

24.    Genesis' services were rendered under circumstances pursuant to which the Defendants reasonably should have expected Genesis would expect to be compensated.

25.    Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare for services provided by Genesis, and have wrongfully and intentionally withheld or will withhold such amounts from Genesis.

26.    Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of Genesis.

27.    Furthermore, Defendants have and continue to have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to Genesis if it has not timely paid invoices as required by the Therapy Services Agreement.

28.    For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by Genesis, plus interest, costs, and attorneys' fees.

## COUNT III – ACCOUNT STATED

29.    Genesis realleges and incorporates all previous allegations to the extent they are not inconsistent with this count.

30.    Pursuant to the Therapy Services Agreement with Genesis, Defendants agreed to pay Genesis for the services it supplied to Defendants.

5

31.     Genesis delivered invoices for services rendered by Genesis to the Defendants.

32.     Defendants, without justification, excuse or dispute of such invoices, have not paid Genesis any part of the amounts invoiced.

### COUNT IV – ATTORNEYS' FEES

33.     Genesis realleges and incorporates all previous allegations to the extent they are not inconsistent with this count.

34.     The Therapy Services Agreement between Genesis and Defendants provides for the recovery of attorneys' fees incurred by Genesis in the collection of amounts due and owing.

35.     Genesis has incurred attorneys' fees and other costs in preparing and filing this action and is likely to incur substantial additional attorneys' fees and other costs as this case is litigated and prepared for trial, all of which are the responsibility of Defendants.

36.     Genesis is entitled to recover damages from Defendants in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Genesis requests judgment against the Defendants as follows:

    A. An award of damages in an amount to be proved at trial;

    B. Genesis' costs, expenses and attorneys' fees associated with prosecution of this action;

    C. The imposition of a constructive trust on sums received by the Defendants as Medicare reimbursement for therapy and rehabilitation services provided by Genesis and not paid for by Defendants;

    D. Pre-judgment and post-judgment interest; and

    E. All other relief to which Genesis may be entitled.

6

Dated: October 22, 2012                   Respectfully submitted,


s/ Hugh Peterson, III
Hugh Peterson, III
McNATT, GREENE AND PETERSON
P.O. Drawer 1168
602 Church Street
Vidalia, Georgia 30475
(912) 537-9343 phone
(912) 537-2658 facsimile

- and -

*Of counsel:*
Benjamin C. Fultz
Jennifer Metzger Stinnett
FULTZ MADDOX HOVIOUS & DICKENS PLC
2700 National City Tower
Louisville, Kentucky 40202
(502) 588-2000 phone
(502) 588-2020 facsimile
*Counsel for Plaintiff*